Thomas J. McDermott, Jr., Esq.
  tmcdermott@mcdelaw.com
California State Bar Number 29273
77530 Enfield Lane, Suite H-1
Palm Desert, California 92211
Telephone: (760) 779-5800
Facsimile:  (760) 200-4953

Attorney for InCom Corporation

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INCOM CORPORATION, a California corporation, | ) Civil Action No. ) |
| | ) COMPLAINT FOR PATENT |
| Plaintiff, | ) INFRINGEMENT ) |
| vs. | ) ) (Demand For Jury Included) |
| THE WALT DISNEY COMPANY, a Delaware corporation, | ) ) ) |
| Defendants. | ) ) |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff InCom, by its attorneys, sues Defendant, The Walt Disney Company, for infringing US Patent Nos. 8,353,705 B2 ("the 705 patent"), 7,336,185 B2 ("the 185 patent"), and 7,812,779 B2 ("the 779 patent"), and

1

alleges as follows:

## PARTIES

1. Plaintiff InCom ("InCom") is a corporation organized under the laws of the State of California and has its principal place of business in Sutter, California.

2. Defendant The Walt Disney Company ("Disney") is a corporation organized under the laws of the State of Delaware, and has its principal place of business at 500 S. Buena Vista Street, Burbank, California.

## JURISDICTION AND VENUE

3. This is an action for pecuniary and injunctive relief from patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

4. This Court has jurisdiction over the subject matter of this action as provided for in 28 U.S.C. § 1331 and § 1338. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and § 1400.

5. This Court has jurisdiction over Disney because Disney is a resident of the Central District of California and on information and belief because Disney has committed acts of patent infringement during the course of its business in this District.

//

## THE PATENTS IN SUIT

6. On January 15, 2013, the 705 patent, entitled "Attendance Tracking System" was duly and legally issued to Michael Dobson, Douglas Ahlers, and Bernie DiDario, who have assigned all of their rights in the 705 patent to InCom. InCom has been and is still the owner of the entire right, title and interest in and to the 705 patent. A copy of the 705 patent is attached as Exhibit A.

7. On February 26, 2008, the 185 patent, entitled "Combination ID/Tag Holder" was duly and legally issued to Florrie Turner, Douglas Ahlers, and Bernie DiDario, who have assigned all of their rights in the 185 patent to InCom. InCom has been and is still the owner of the entire right, title and interest in and to the 185 patent. A copy of the 185 patent is attached as Exhibit B.

8. On October 12, 2010, the 779 patent, entitled "RFID Transceiver Sensitivity Focusing System" was duly and legally issued to Florrie Turner and Douglas Ahlers, who have assigned all of their rights in the 779 patent to InCom. InCom has been and is still the owner of the entire right, title and interest in and to the 779 patent. A copy of the 779 patent is attached as Exhibit C.

9. InCom has fully complied with the requirements of 35 U.S.C. §

287(a) by affixing the word "patent" or the abbreviation "pat", together with the number of the appropriate patent on all apparatuses manufactured or sold by InCom which embody the patented inventions.

10. InCom developed the three patents in suit to implement an Attendance Tracking System which it markets to schools, colleges, universities, and other venues. A principal inventive concept is the use of Radio Frequency Identification ("RFID") to recognize human beings and keep track of their attendance through the use of RFID in conjunction with other apparatus. Prior to these inventions, this had been unavailable because RFID did not work effectively while near human beings for several reasons which were overcome by the inventions and the patents sued upon. Attendance information for the large number of students rushing into a school entrance over a short time frame can be logged in effectively with this Attendance Tracking System. This attendance information is a required mine of information upon which the funding of the school is based.

## FIRST CAUSE OF ACTION

(Infringement of the 705 Patent)

11. Disney has infringed and continues to infringe one or more of the claims of the 705 patent. Disney's infringing activities in the United

4

States and this District include development, manufacture, use and sale of an attendance tracking system, including an attendance tracking device known as the "MagicBand." Such infringing activities violate 35 U.S.C. §271(a).

12. Disney specifically acknowledged notice of the 705 patent by correspondence on January 6, 2014.

13. Disney has installed its attendance tracking system at a number of its theme or amusement parks at Walt Disney World Resort also known as Walt Disney World also known as Disney World ("Disney World") where the system is used, among other things, to track attendance at each park, to track attendance on a system known as "FastPass," to monitor a record of attendees at the parks and Disney hotels, to maintain a record of those utilizing FastPass, and to maintain a record of purchases made by attendees at the parks, all utilizing elements which infringe the 705 patent. On information and belief, Disney has sold ten million MagicBands, or more, at a price of $12.95 each and continues to sell MagicBands at this time.

14. On information and belief, Disney is currently installing an attendance tracking system at its venues in Anaheim, California (commonly known as Disneyland and California Adventure), which will

5

1  infringe the 705 patent.

2  15.  Disney has continued in the infringement of one or more claims 3 of the 705 patent. With knowledge of the 705 patent, Disney has installed 4 devices at its venues in Orlando, Florida, that infringe one or more of the 5 claims of the 705 patent. Such infringing activities violate 35 U.S.C. § 6 271(c).

7  16.  Disney has deliberately persisted in its infringing acts despite 8 its knowledge of the patent, and as such is willfully infringing.

9  17.  As a consequence of the infringing activities of Disney 10 regarding the 705 patent as complained of herein, InCom has suffered 11 monetary damages in an amount not yet determined, and InCom will 12 continue to suffer such damages in the future unless and until Disney's 13 infringing activities are enjoined by this Court.

SECOND CAUSE OF ACTION

(Infringement of the 185 Patent)

16  18.  Disney has infringed and continues to infringe one or more of 17 the claims of the 185 patent. Disney's infringing activities in the United 18 States and this District include development, manufacture, use and sale of 19 an attendance tracking system, including an attendance tracking device 20 known as the "MagicBand." Such infringing activities violate 35 U.S.C.

§271(a).

19. Disney specifically acknowledged notice of the 185 patent by correspondence on January 6, 2014

20. Disney has installed its attendance tracking system at a number of its theme or amusement parks at Disney World where the system is used, among other things, to track attendance at each park, to track attendance on a system known as "FastPass," to monitor a record of attendees at the parks and Disney hotels, to maintain a record of those utilizing FastPass, and to maintain a record of purchases made by attendees at the parks, all utilizing elements which infringe the 185 patent. On information and belief, Disney has sold ten million MagicBands, or more, at a price of $12.95 each and continues to sell MagicBands at this time.

21. On information and belief, Disney is currently installing an attendance tracking system at its venues in Anaheim, California (commonly known as Disneyland and California Adventure), which will infringe the 185 patent.

22. Disney has continued in the infringement of one or more claims of the 185 patent. With knowledge of the 185 patent, Disney has installed devices at its venues in Orlando, Florida, that infringe one or more of the

claims of the 185 patent. Such infringing activities violate 35 U.S.C. § 271(c).

23. Disney has deliberately persisted in its infringing acts despite its knowledge of the patent, and as such is willfully infringing.

24. As a consequence of the infringing activities of Disney regarding the 185 patent as complained of herein, InCom has suffered monetary damages in an amount not yet determined, and InCom will continue to suffer such damages in the future unless and until Disney's infringing activities are enjoined by this Court.

## THIRD CAUSE OF ACTION

(Infringement of the 779 Patent)

25. Disney has infringed and continues to infringe one or more of the claims of the 779 patent. Disney's infringing activities in the United States and this District include development, manufacture, use and sale of an attendance tracking system, including an attendance tracking device known as the "MagicBand." Such infringing activities violate 35 U.S.C. §271(a).

26. Disney specifically acknowledged notice of the 779 patent by correspondence on January 6, 2014

27. Disney has installed its attendance tracking system at a

number of its theme or amusement parks at Disney World where the system is used, among other things, to track attendance at each park, to track attendance on a system known as "FastPass," to monitor a record of attendees at the parks and Disney hotels, to maintain a record of those utilizing FastPass, and to maintain a record of purchases made by attendees at the parks, all utilizing elements which infringe the 779 patent. On information and belief, Disney has sold ten million MagicBands, or more, at a price of $12.95 each and continues to sell MagicBands at this time.

28. On information and belief, Disney is currently installing an attendance tracking system at its venues in Anaheim, California (commonly known as Disneyland and California Adventure).

29. Disney has continued in the infringement of one or more claims of the 779 patent. With knowledge of the 779 patent, Disney has installed devices at its venues in Orlando, Florida, that infringe one or more of the claims of the 779 patent. Such infringing activities violate 35 U.S.C. § 271(c).

30. Disney has deliberately persisted in its infringing acts despite its knowledge of the patent, and as such is willfully infringing.

31. As a consequence of the infringing activities of Disney

regarding the 779 patent as complained of herein, InCom has suffered monetary damages in an amount not yet determined, and InCom will continue to suffer such damages in the future unless and until Disney's infringing activities are enjoined by this Court.

## REQUESTED RELIEF

WHEREFORE, InCom prays for judgment against Disney as follows:

### AS TO THE FIRST CAUSE OF ACTION

A. That Disney be declared to have infringed and/or committed acts of contributory infringement with respect to the claims of the 705 patent;

B. That Disney, its officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates, successors, and all others in active concert or participation with them or acting on their behalf be permanently enjoined from further infringement of the 705 patent;

C. That Disney be ordered to account for and pay to InCom all damages caused to InCom by reason of Disney's infringement of the 705 patent pursuant to 35 U.S.C. § 284, including any enhanced damages;

D. That InCom be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Disney's infringement of the 705 patent;

E. That this be declared an "exceptional case" pursuant to 35 U.S.C. §

285 and that Disney be ordered to pay InCom's attorney fees and costs; and

F. That InCom be granted such other and further relief as the case may require and the Court may deem just and proper.

## AS TO THE SECOND CAUSE OF ACTION

G. That Disney be declared to have infringed and/or committed acts of contributory infringement with respect to the claims of the 185 patent;

H. That Disney, its officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates, successors, and all others in active concert or participation with them or acting on their behalf be permanently enjoined from further infringement of the 185 patent;

I. That Disney be ordered to account for and pay to InCom all damages caused to InCom by reason of Disney's infringement of the 185 patent pursuant to 35 U.S.C. § 284, including any enhanced damages;

J. That InCom be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Disney's infringement of the 185 patent;

K. That this be declared an "exceptional case" pursuant to 35 U.S.C. § 285 and that Disney be ordered to pay InCom's attorney fees and costs; and

L. That InCom be granted such other and further relief as the case may require and the Court may deem just and proper.

## AS TO THE THIRD CAUSE OF ACTION

M. That Disney be declared to have infringed and/or committed acts of contributory infringement with respect to the claims of the 779 patent;

N. That Disney, its officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates, successors, and all others in active concert or participation with them or acting on their behalf be permanently enjoined from further infringement of the 779 patent;

O. That Disney be ordered to account for and pay to InCom all damages caused to InCom by reason of Disney's infringement of the 779 patent pursuant to 35 U.S.C. § 284, including any enhanced damages;

P. That InCom be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Disney's infringement of the 779 patent;

Q. That this be declared an "exceptional case" pursuant to 35 U.S.C. § 285 and that Disney be ordered to pay InCom's attorney fees and costs; and

R. That InCom be granted such other and further relief as the case may require and the Court may deem just and proper.

## JURY DEMAND

InCom demands a jury trial on all issues triable to a jury in this matter.

Dated: April 22, 2015     Law Offices of THOMAS J McDERMOTT

_____
THOMAS J. McDERMOTT, Attorney for Plaintiff, InCom Corporation